Martin F. Casey
**CASEY & BARNETT, LLC**
305 Broadway, Ste 1202
New York, New York 10007
(212) 286-0225
mfc@caseybarnett.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
FIRSTIME MANUFACTORY, INC. and AIR SEA
TRANSPORT (CHICAGO) INC.

       Plaintiffs,                        21 Civ.

   - against –

                                 **COMPLAINT**

M/V MAERSK ESSEN, her engines, tackle, boilers,
etc. *in rem*; JIAMAO INTERNATIONAL SHIP
LEASE COMPANY LIMITED; MAERSK A/S and
MSC MEDITERRANEAN SHIPPING CO. S.A., *in
personam*.

       Defendants.
-------------------------------------------------------------X

Plaintiffs, Firstime Manufactory Inc. and Air Sea Transport (Chicago) Inc., by and through

their attorneys, Casey & Barnett LLC, as and for its Complaint, alleges upon information and belief

as follows:

**JURISDICTION**

1.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure.  Jurisdiction is predicated upon 28 U.S.C. §1333 and the

jurisdiction clause contained in ocean carrier MSC's bill of lading, which mandates that all claims

involving shipments to or from the United States be commenced in this district.

**PARTIES**

2.      At all material times, Firstime Manufactory, Inc. (hereinafter "Firstime" or "Plaintiff") was and is a corporation with an office and place of business located at Woodgate Road, Suite F, Pequakee, WI 53072, and is the consignee and owner of certain cargo laden on board the M/V MAERSK ESSEN, as more specifically described below.

3.      At all material times Air Sea Transport (Chicago) Inc., (hereinafter "Air Sea" or "Plaintiff") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at 610 Supreme Drive, Bensenville, IL 60106 and was the named consignee on ocean carrier MSC's bills of lading covering certain cargo laden on board the M/V MAERSK ESSEN, as more specifically described below.

4.      At all material times, defendant M/V MAERSK ESSEN (hereinafter "the vessel") is an ocean-going container ship owned and operated by defendants, as more specifically described below, that carried containerized cargo which is the subject matter of this lawsuit, from Asia to the United States.

5.      At all material times, defendant Jiamao International Ship Lease Company Ltd. (hereinafter "Jiamao") was and is a corporation with an office and place of business located at Trust Company Complex, Ajeltake Road, Ajeltake Island, Majuro, Marshall Islands, MH96960, was and is the owner of the M/V MAERSK ESSEN and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court.

6.      At all material times, defendant Maersk A/S (hereinafter "Maersk") was and is a corporation with an office and place of business located at 180 Park Avenue, Bldg. 105, Florham Park, New Jersey 07932, was and is the Technical Manager, Third Party Operator, and ISM

Manager of the M/V MAERSK ESSEN and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court.

7.     At all material times, defendant, MSC Mediterranean Shipping Co., S.A. (hereinafter "MSC") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at 420 Fifth Avenue, 8th Floor, New York, New York 10018, was and is acting as a common carrier of goods for hire and, at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court.

8.     Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignments, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

## RELEVANT FACTS

9.     In or about December 2020, cargo shipper Good Champion Limited (hereinafter "Good Champion") contracted to sell 9,153 Clocks packaged in 3,051 cartons to Firstime and Firstime agreed to purchase said goods.

10.     Cargo shipper Good Champion contracted with NVOCC Air Sea Transport (HK) Limited to arrange transport of said goods to the United States. Air Sea Transport (HK) Limited, acting as the agent for cargo interests, thereafter contracted with ocean carrier/defendant MSC to transport said goods.

11.     In December 2020, a consignment consisting of 2094 Cartons Clocks, laden in container number MSMU 7341366 and a consignment consisting of 957 Cartons Clocks, laden in container number TCNU 2015366, all then being in good order and condition, were delivered to MSC and/or their agents in Xiamen, China in consideration of an agreed upon freight, pursuant to

MSC bill of lading number MEDUXE132287 dated December 28, 2020, for transportation to Chicago, Illinois via Los Angeles, California.

12.     On or about December 26, 2020 containers MSMU 7341366 and TCNU 2015366 were loaded on board the M/V MAERSK ESSEN in Xiamen, China by defendant MSC and or its agents.

13.     In or about December 2020, cargo shipper Fuzhou Home Broad Arts & Crafts Co. Ltd., (hereinafter "Fuzhou") contracted to sell 4300 cartons Wall Shelves and Wall Decor to Firstime and Firstime agreed to purchase said goods.

14.     Cargo shipper Good Champion contracted with NVOCC Air Sea Transport (HK) Limited to arrange transport of said goods to the United States. Air Sea Transport (HK) Limited, acting as the agent for cargo interests, thereafter contracted with ocean carrier/defendant MSC to transport said goods.

15.     In December 2020, a consignment consisting of 770 cartons Wall Shelves, laden in container number CAIU 4813490, a consignment consisting of 1,870  cartons Wall Décor and Wall Shelves laden in container number BMOU 6177905 and a consignment consisting of 1,660 Cartons Clocks, laden in container number TCNU 2649627, all then being in good order and condition, were delivered to MSC and/or their agents in Fuzhou, China in consideration of an agreed upon freight, pursuant to MSC bill of lading number MEDUFU192664 dated December 8, 2020, for transportation to Los Angeles, California.

16.     Upon information and belief, on or about December 9, 2020 containers CAIU 4813490, BMOU 6177905, and TCNU 2649627 were loaded on board the feeder vessel M/V TUO YUAN in Fuzhou, China by defendant MSC and/or its agents, and were subsequently discharged in Ziamen, China on December 10, 2020.

17.     On or about December 26, 2020 containers CAIU 4813490, BMOU 6177905, and TCNU 2649627 were loaded on board the M/V MAERSK ESSEN in Xiamen, China by defendant MSC and or its agents.

18.     The M/V MAERSK ESSEN thereafter departed Xiamen destined for, inter alia, the port of Los Angeles, California.

19.     On or about January 16, 2021, while in transit from China to California, and while the vessel was encountering rough seas, certain container stacks failed, resulting in the loss of numerous containers overboard and physical damage to numerous containers that remained on board.

20.     Containers MSMU 7341366 and TCNU 2015366 carrying 3,051 cartons of goods, were lost overboard during the foregoing event.

21.     As a result of the foregoing, Firstime and Air Sea suffered a loss of its cargo valued at $262,037.00.

22.     Containers CAIU 4813490, BMOU 6177905, and TCNU 2649627, carrying 4,300 cartons of goods, were lost overboard during the foregoing event.

23.     As a result of the foregoing, Firstime and Air Sea suffered a loss of its cargo valued at $412,393.00.

24.     By reason of the foregoing, plaintiffs have sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $674,430.00.

### AS AND FOR A FIRST CAUSE OF ACTION- BREACH OF CONTRACT

25.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 24, inclusive, as if herein set forth at length.

26.     Pursuant to the contract entered into between the parties, Defendants owed a contractual and statutory duty to the Plaintiffs to safely and properly carry, keep, care for and deliver Plaintiffs' cargo in the same good order and condition as at the time said Defendants first accepted custody and control of the goods. Defendants also had a contractual and statutory duty to ensure that the services provided for the shipment were performed with reasonable care and in a non-negligent and workmanlike manner and had a statutory and contractual duty to exercise due diligence in maintaining the seaworthiness of the M/V MAERSK ESSEN.

27.     Defendants breached the aforementioned contractual and statutory duties they owed to Plaintiff.

28.     The loss sustained by Plaintiffs was not the result of any act or omission of the Plaintiffs or the cargo shipper, but, to the contrary, was due solely as the result of the breach of contract on the part of Defendants and/or its agents and / or the unseaworthiness of the M/V MAERSK ESSEN.

29.     As a direct and proximate result of said breach of contract by the defendants, the Plaintiffs have suffered damages in the amount presently estimated to be no less than $674,430.00.

30.     By reason of the foregoing, plaintiffs have sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $674,430.00.

## AS AND FOR A SECOND CAUSE OF ACTION – BREACH OF BAILMENT

31.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 24, inclusive, as if herein set forth at length.

32.     At the time of the aforementioned casualty, defendants together with the entities they hired to act on their behalf, were acting as bailees of the shipment and in their own capacity,

or through their contractors, agents, servants, or sub-bailees, owed statutory duties to the Plaintiffs to safely and properly carry, keep, care for and deliver the shipment in the same good order and condition as at the time said defendants first accepted custody and control of the goods.

33.     Defendants breached their duties and obligations as bailees by failing to deliver said shipment to its intended destination in the same good order and condition as at the time said defendants first accepted custody and control of the goods.

34.     As a direct and proximate result of the breach of bailment by the Defendants, the Plaintiffs have suffered damages in the approximate amount of $674,430.00.

35.     By reason of the foregoing, plaintiffs have sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $674,430.00.

## AS AND FOR A THIRD CAUSE OF ACTION - NEGLIGENCE

36.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 24, inclusive, as if herein set forth at length.

37.     The Defendants owed a duty to the Plaintiffs to properly carry, keep and care for, protect and deliver the Plaintiffs' cargo in the same good order and condition as at the time said defendants first accepted custody and control of the goods.

38.     The Defendants breached and were negligent in performing their duty to carry, keep and care for, protect and deliver the Plaintiffs' cargo in the same good ore and condition as at the time said defendants first accepted custody and control of the goods.

39.     As a direct and proximate result of the negligent acts of the Defendants, the Plaintiffs have suffered damages in the approximate amount of $674,430.00.

40.     By reason of the foregoing, the Plaintiffs have sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $674,430.00.

**AS AND FOR A FOURTH CAUSE OF ACTION - UNSEAWORTHINESS**

41.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 24, inclusive, as if herein set forth at length.

42.     As the owners, operators, charterers and /or managers of the M/V MAERSK ESSEN, defendants were responsible for properly manning, maintaining and repairing the vessel and for otherwise exercising due diligence to ensure that the vessel was seaworthy and fit to carry cargoes that were delivered to and loaded on board the M/V MAERSK ESSEN during winter North Pacific voyages.

43.     Prior to, and at all times relevant hereto, the Defendants failed to exercise due diligence to make the M/V MAERSK ESSEN seaworthy. The M/V MAERSK ESSEN was at all relevant times not fit to undertake the service in which she was engaged. The losses suffered by or in connection with Plaintiff's cargo were caused in whole or in part by the Defendants' failure to exercise due diligence to make the M/V MAERSK ESSEN seaworthy at the commencement of the voyage.

44.     The losses sustained by plaintiff were caused, in whole or in part, by the negligence and fault of defendants, and /or their agents, representatives and independent contractors for whose acts and omissions it was responsible, including but not limited to, their failure to maintain the M/V MAERSK ESSEN in a seaworthy condition.

45.     The losses suffered by or in connection with Plaintiffs' cargo, as well as the subject casualty, resulted from causes within the privity and knowledge of the Defendants, and/or their

officers, directors, managers, supervisors, superintendents and/or such persons whose privity and knowledge are imputable to Defendants.

46.     As a direct and proximate result of eth aforesaid unseaworthiness resulting from Defendants actions, or failure to act, the Plaintiffs have suffered damages in the approximate amount of $674,430.00.

47.     By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $674,430.00.

**WHEREFORE,** Plaintiffs pray:

1.     That process in due form of law may issue against Defendants citing them to appear and answer all and singular the matters aforesaid;

2.     That judgment may be entered in favor of Plaintiffs against Defendants for the amount of Plaintiffs' damages in the amount of at least $674,430.00, together with interest, costs and the disbursements of this action; and

3.     That this Court grant to Plaintiffs such other and further relief as may be just and proper.

Dated: New York, New York
        October 4, 2021
        559-02

                                    **CASEY & BARNETT, LLC**
                                    Attorneys for Plaintiffs

                        By:     _Martin Casey_
                                    Martin F. Casey
                                    305 Broadway, Ste 1202
                                    New York, New York 10007
                                    (212) 286-0225