IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CONTINENTAL INSURANCE COMPANY and AFFILIATED FM INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>C.H. ROBINSON INTERNATIONAL, INC. d/b/a CHRistal Lines,<br><br>Defendant. | Consol. No. 21-cv-08183-CM-GWG<br><br>Original Case No. 22-cv-02203-CM<br><br>Hon. Colleen McMahon<br>Mag. Hon. Gabriel W. Gorenstein |
| C.H. ROBINSON INTERNATIONAL, INC. d/b/a CHRistal Lines,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>MSC MEDITERRANEAN SHIPPING COMPANY S.A.,<br><br>Third-Party Defendant. | |

**C.H. ROBINSON INTERNATIONAL, INC.'S FIRST AMENDED THIRD-PARTY COMPLAINT AGAINST MSC MEDITERRANEAN SHIPPING COMPANY S.A.**

Defendant/Third-Party Plaintiff, C.H. Robinson International, Inc. d/b/a CHRistal Lines ("CHR"), by and through its attorneys, Kenderick M. Jordan, of Marwedel, Minichello & Reeb, P.C., and George W. Wright and Narinder Parmar, of George W. Wright & Associates, LLC, and pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure for its First Amended Third-

Party Complaint Against Defendant, MSC Mediterranean Shipping Company S.A. ("MSC"), states as follows:

## JURISDICTION, PARTIES, AND VENUE

1.  This is a case of admiralty and maritime jurisdiction within the meaning of 28 U.S.C. § 1333, Rules 9(h) and 14(a) of the Federal Rules of Civil Procedure.

2.  This case is also brought pursuant to Rule 14(c) of the Federal Rules of Civil Procedure, and, as such, CHR tenders Third-Party Defendant, MSC to the Plaintiffs, Continental Insurance Company and Affiliated FM Insurance Company.

3.  At all relevant times mentioned herein, Third-Party Plaintiff, CHR, was and is a corporation organized and existing under the laws of the State of Minnesota with its principal place of business located at 14701 Charlson Road, Eden Prairie, Minnesota 55347, and was and is engaged in the business of arranging for the ocean transportation of cargo as a non-vessel operating common carrier.

4.  At all relevant times mentioned herein, Third-Party Defendant, MSC, was and is a foreign corporation registered in Switzerland with its principal place of business located at Rieu 12-14 Geneva, Switzerland.

5.  MSC is a vessel operating common carrier registered with the Federal Maritime Commission that regularly engages in the business of transporting ocean born cargo in the foreign commerce of the Unites States, including regular shipments to, from and through this judicial district. MSC conducts administrative operations in the United States via its general agent MSC Mediterranean Shipping Company (USA) Inc., a New York corporation.

6. Venue is proper as the bills of lading issued by MSC in relation to the events described herein contain a forum-selection clause stating that all actions shall be filed in the U.S. District Court for the Southern District of New York.

## FACTS

7. CHR is non-vessel operating common carrier ("NVOCC") that acts as an ocean transportation intermediary, arranging for the shipment of cargo for its customers from port to port, including to and from ports in Asia and the United States.

8. As an NVOCC, CHR engages and contracts with vessel operating common carriers ("VOCCs") to provide the actual ocean carriage of cargo, as well as land-based transportation of cargo with other carriers for the cargo, when contracted to do so.

9. As an NVOCC, CHR, and/or its agents, contracted with MSC, as a VOCC, to provide for the actual ocean carriage of the cargo described in Schedule A (hereinafter, the "Shipments"), aboard the M/V MAERSK ESSEN (the "Vessel").

10. On or about January 16, 2021, during the voyage across the Pacific Ocean, making way towards the United States, the Vessel rolled, and the Shipments and containers described in Schedule A went overboard or were otherwise damaged (the "Occurrence").

11. On January 25, 2022, CHR was served with the complaint related to the Occurrence, captioned, *Continental Insurance Company, et al. v. C.H. Robinson International, Inc. d/b/a CHRistal Lines*, Case No. 1:22-cv-00112-PJS-JFD, previously pending in the U.S. District Court for the District of Minnesota, now pending, pursuant transfer, in the U.S. District Court for the Southern District of New York.

12. On February 24, 2022, CHR tendered the Complaint to MSC, demanding that, as the VOCC of the Shipments, MSC take over the defense of the claims lodged against the NVOCC, CHR.

13. To date, MSC has not responded to CHR's tender of the Complaint.

## COUNT I
### (Indemnification and/or Contribution)

14. CHR incorporates and realleges Paragraphs 1-13, as though fully set forth herein.

15. On or about the dates of the bills of lading described in Schedule A, CHR entered into one or more contracts with MSC, pursuant to which, MSC would properly and carefully load, stow, secure, and transport the Shipments from the ports of loading to the ports of discharge. In addition, MSC was to ensure that any carrier utilized on CHR's Shipments was reputable and carried the requisite licensure and insurance.

16. CHR's bills of lading and/or service agreements with MSC constituted a valid and enforceable contract under law.

17. If it is determined that Plaintiffs' Shipments described in Schedule A were damaged and/or lost, which is denied, as and for CHR's opposition to its Plaintiffs' claims only, and it is determined that CHR is responsible for said losses and/or damages as an NVOCC, these said losses and/or damages were due to the wrongful acts or omissions, including breach of contract, breach of express or implied warranty, etc., or other misconduct of MSC as VOCC and/or otherwise.

18. The alleged damage to or loss of the Shipments was not caused or contributed to by any act, omission, fault, or neglect on the part of CHR, or its customers, its agents, servants.

19. By reason of the alleged damage to or loss of the Shipments, CHR and its customers have suffered damages and exposure to claims, including damage to or loss of Shipments.

20. If it is determined that CHR is responsible for the alleged damage or loss of its customers Shipments, described in Schedule A, and/or any other losses of any nature whatsoever, then, all of CHR's damages and losses as aforesaid are directly attributable to and caused by the aforesaid wrongful acts and omissions or other misconduct of MSC and/or its agents acting on its behalf, including as a VOCC, without any fault of CHR or its agents contributing thereto; and therefore, MSC should be held jointly and severally liable to CHR for all liability, losses, and damages arising therefrom, including legal fees and disbursements incurred in defense of all claims.

21. In the event that CHR is nevertheless held liable to any party to this action, or to any other party to any other proceeding in the United States or abroad, including but not limited to the Complaint, arising out of or relating to the damage and/or loss to the Shipments, said liability being expressly denied by CHR, then such liability derives in whole, or in part, from the aforesaid wrongful acts or omissions or other misconduct of MSC, or its officers, agents, servants, and employees and, therefore, CHR should be granted full recovery over and against, and be indemnified by, or secure contribution from MSC for all sums so recovered against CHR, including attorneys' fees, expenses, interest, and costs.

## COUNT II
**(Breach of Warranties and Nondelegable Cargoworthiness Duties)**

22. CHR incorporates and realleges Paragraphs 1-21, as though fully set forth herein.

23. The Vessel was at all times material an ocean-going containership with fixed cell guides and was designed to carry the Shipments in truck-size intermodal containers, including those requiring electric power for temperature control which serve as extensions of the holds of the Vessel.

24. MSC's statutory duties, contractual obligations, and warranties under general maritime law included the nondelegable duty to provide a seaworthy and cargoworthy ocean shipping container, fit in every respect to carry the Shipments, which MSC contracted to transport.

25. MSC, or subcontractor entities acting on its behalf, was at all material times responsible of the maintenance, upkeep, loading, and stowage of the Shipments, within their respective containers, on board the Vessel while the Shipments were in its custody and control.

26. MSC, or entities acting on its behalf, were also responsible for the pre-trip receipt, inspection, and preparation of said containers carrying the Shipments.

27. If it is determined that the Shipments were damaged and/or lost during carriage, the damage and/or loss was a result of the MSC's failure in making the containers carrying the Shipments cargoworthy prior to the voyage.

28. MSC, or subcontractor entities acting on its behalf, was at all material times responsible for the maintenance, upkeep, loading, stowage, and operation of the Vessel while the containers carrying the Shipments were in its custody and control.

29. MSC, or entities acting on its behalf, was also responsible for the pre-trip receipt, inspection, and preparation of the Vessel for the ocean voyage.

30. If it is determined that the Shipments were damaged and/or loss during carriage on board the Vessel, the damage is a result of MSC's failure in making the Vessel seaworthy prior to the voyage.

31. Accordingly, MSC is liable to CHR as a result of the breaches of its nondelegable duties and breaches of warranties with respect to the Shipments, and their carrying containers.

32. As a proximate result of the foregoing, CHR, and those on whose behalf it brings suit, have sustained damages in sum prayed for in Plaintiffs' Complaint, with respect to MSC, no part of which has been paid although duly demanded.

## COUNT III
### (General Negligence)

33. CHR incorporates and realleges Paragraphs 1-32, as though fully set forth herein.

34. The alleged damage and/or loss of the Shipments was caused in whole, or in part, by MSC's failure to properly care for, communicate and carry out all relevant instructions concerning the carriage of CHR's and Plaintiffs' Shipments to the actual carriers of the Shipments.

35. The alleged damage and/or loss to the Shipments was due to the want of care, design, neglect, fault, privity, negligence, lack of care, gross negligence, willful, wanton, and reckless misconduct of MSC. Said conduct includes, but is not limited to, handling and/or stowage of the Shipments, which caused and/or contributed to the alleged damage and/or loss of the Shipments and the resulting damage to CHR.

36. If it is determined that the Shipments were damaged and/or lost, the resulting losses, damages, and expenses aforesaid were directly caused or attributed to the aforesaid failures of MSC and, therefore, MSC should be held liable to all parties who have made claims against CHR in or relating to this action.

37. As a proximate result of the foregoing, CHR, and those on whose behalf it brings suit, have sustained damages in sum prayed for in Plaintiffs' Complaint, with respect to MSC, no part of which has been paid although duly demanded.

## COUNT IV
### (Claim for Liability to Customers)

38. CHR incorporates and realleges Paragraphs 1-37, as though fully set forth herein.

39. As stated in Schedule A, the shippers, consignees, or owners of the Shipments carried aboard the Vessel in their respective containers pursuant to the bills of lading.

40. As stated in Schedule A, CHR was the NVOCC of the goods carried aboard the Vessel in their respective containers pursuant to the bills of lading.

41. The Shipments were tendered by Plaintiffs and CHR, as an NVOCC, in actual good order and condition to MSC.

42. At the time MSC either made delivery of or should have made delivery of the Shipments to Plaintiffs, the Shipments were either not delivered or damaged.

43. As a proximate result of the foregoing, CHR, and those on whose behalf it brings suit, have sustained damages in sum prayed for in Plaintiffs' Complaint, with respect to MSC, no part of which has been paid although duly demanded.

**WHEREFORE**, Plaintiff, C.H. Robinson International Inc. d/b/a CHRistal Lines, prays this Court:

1. Enter judgement in CHR's favor, and against MSC on these claims;

2. Find MSC to be liable for indemnity to CHR and for all such sums for which CHR may be found liable as a result of any claims, including attorneys' fees, interest, costs, and disbursements, in or relating to this litigation;

3. Enter judgement in CHR's favor and against MSC for contribution toward any losses or damages suffered by CHR as a result of any claims recovered against CHR, including legal fees and disbursements incurred in defense of any claims in or relating to this litigation;

4. Pursuant to Fed. R. Civ. P. 14(c), that the Third-Party Defendant, MSC, be required to appear and answer the Plaintiffs, Continental Insurance Company and Affiliated FM Insurance Company's Complaint as if it was a direct defendant included therein;

5. In the alternative, enter judgment in Plaintiffs, Continental Insurance Company and Affiliated FM Insurance Company's favor against the Third-Party Defendant, MSC, for the sum prayed for in Plaintiffs' Complaint; and

6.     For such other and further relief this Court deems just and proper.

Respectfully Submitted

Dated: August 25, 2022

*[signature]*

Kenderick M. Jordan – Admitted *Pro Hac Vice*
Marwedel, Minichello & Reeb, P.C.
303 W. Madison St., Suite 1100
Chicago, Illinois 60606
P: (312) 902-1600
F: (312) 902-9900
kjordan@mmr-law.com

George W. Wright
Narinder S. Parmar
George W. Wright & Associates, LLC
505 Main St., Suite 218
Hackensack, New Jersey 07061
P: (201) 342-8884
F: (201) 343-8869
gwright@wright-associate.com
nparmar@wright-associate.com

*Attorneys for C.H. Robinson International, Inc.*

| NVOCC | VOCC | House Bill of Lading No. | Master/Ocean Bill of Lading No. | Container No. | Place of Loading | Port of Discharge | Place of Delivery |
|---|---|---|---|---|---|---|---|
| C.H. Robinson International, Inc. | MSC Mediterranean Shipping Company S.A. | 34222193 | MEDUHG350661 | TGBU8006968 | Sanshan, China | Los Angeles, California, USA | Los Angeles, California, USA |
| C.H. Robinson International, Inc. | MSC Mediterranean Shipping Company S.A. | 340985899 | MEDUHG36478 | MEDU4381994; MEDU7013595; MEDU7264477 | Sanshan, China | Los Angeles, California, USA | Los Angeles, California, USA |
| C.H. Robinson International, Inc. | MSC Mediterranean Shipping Company S.A. | 341348564 | MEDUXE255880 | TGHU6145570 | Xiamen, China | Los Angeles, California, USA | St. Louis, Missouri, USA |

Schedule A

## CERTIFICATE OF SERVICE

I, Kenderick M. Jordan, an attorney, certify that on August 25, 2022, I served C.H. Robinson International, Inc.'s First Amended Third-Party Complaint on each party of record registered with the CM/ECF system by electronically filing it with the Clerk of the United States District Court for the Southern District of New York, who will send notification of such filing to each of them, and by mailing a copy to each party of record not registered with the CM/ECF system, if any.

By: _____